UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KEVIN ANTHONY DICKSON, JR.,     ) | |
|                                ) | |
|       Plaintiff,                        ) | |
|                                ) | |
| v.                                            ) | No.:    3:15-CV-47-TAV-CCS |
|                                ) | |
| MATTHEW CUBBERLEY, JEFF McCARTER, ) | |
| EMILY FAYE ABBOTT, and JOHN DOE,    ) | |
|                                ) | |
|       Defendants.                  ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], a motion for temporary restraining order [Doc. 3], and a motion to show cause [Doc. 8]. It appears from the application that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. For the reasons set forth below, however, process shall not issue and this action will be **DISMISSED**. Accordingly, Plaintiff's motion for temporary restraining order [Doc. 3] and motion to show cause [Doc. 8] will be **DENIED as moot**.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon

which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015–16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Plaintiff's complaint sets forth various allegations regarding his arrest and prosecution for various state criminal charges, including aggravated assault, attempted murder, and especially aggravated burglary [Doc. 2]. Plaintiff asserts that his arrest and subsequent prosecution for these charges violated his Fourth Amendment right to be free from unreasonable search and seizure, his Fifth Amendment right to due process in the form of a post-deprivation hearing to contest charges, his Sixth Amendment right to be informed of the nature and cause of the

2

accusation against him, his Eighth Amendment right to protection from excessive bail, and his Thirteenth Amendment protection from involuntary servitude and slavery [*Id.* at 4–12].

Plaintiff specifically asserts that that the State of Tennessee assumed that he was engaged in a privileged activity/profession, failed to recognize that he reserved his rights when he applied for a "state I.D.," failed to include that information in discovery, and failed to provide the state identification number on invalid judgments [*Id.* at 4–5]. Plaintiff states that warrants cannot be issued as to him without probable cause because he is a Sovereign American Free man immune from criminal charges and civil suits brought by the government [*Id.* at 5–6]. Plaintiff further alleges that he was "ultimately shangh[a]ied and railroaded" by Defendants, and that the fraud of the proceedings prevented him from showing that he was innocent due to his invocation of his Sovereign Immunity as a Constitutional Citizen, as only a legal person can commit a crime [*Id.* at 4, 8].

As to Defendant Cubberley, Plaintiff alleges that he handcuffed him while he was face down in the grass, arrested him without a warrant, attempted to coerce Plaintiff into telling him what happened the night before to no avail, exchanged words with Plaintiff, and played an "essential role" in the prosecution of Plaintiff [*Id.* at 3, 6–8]. Plaintiff further states Defendant Cubberley's warrantless arrest of him and "injurious presumption" that Plaintiff was a "person" substantially contributed to Plaintiff being taken into custody, that Defendant Cubberley did not present Plaintiff with a valid arrest warrant, and that Defendant Cubberley's acts contributed to and caused violations of Plaintiff's constitutional rights [*Id.* at 8].

As to Defendant Abbott, Plaintiff alleges that she offended his personal dignity by ordering the police to apprehend him without making sure that he was the proper subject and without probable cause, caused his confinement and unconstitutional conviction by prosecuting

3

the case, instigated a warrantless arrest of Plaintiff, and had improper motives in prosecuting Plaintiff for fictitious charges and private conduct that the government cannot regulate [*Id.* at 9–10]. Plaintiff asserts that Defendant Abbot's acts contributed to and proximately caused the violations of his constitutional rights and that she played a key role in his prosecution [*Id.* at 10].

As to Defendant McCarter, Plaintiff alleges that he questioned Plaintiff while he was not sufficiently free from excitement and extreme duress and while he was still under the influence of drugs and alcohol, including ecstasy, which Plaintiff states made him "extremely talkative to his detriment" [*Id.* at 3–4, 9]. Plaintiff also asserts that Defendant McCarter violated his right to be free from intentional restraints on his freedom of movement by restraining and interrogating Plaintiff and coercing and compelling Plaintiff to give a statement while under the influence of drugs and alcohol, thereby contributing to and proximately causing violations of Plaintiff's constitutional rights [*Id.* at 9]. Plaintiff states that his statements without counsel were not made in an intelligent manner, but were coerced, impulsive, and made in the heat of passion and with obscured reason, and that he suffered harm from the coerced statement [*Id.* at 7, 9]. Plaintiff also alleges that Defendant McCarter played a key role in prosecuting him [*Id.* at 9]

As to Defendant John Doe, Plaintiff states that he is a magistrate who informed Plaintiff of the charges against him, including additional charges that resulted from Plaintiff not supplying the names of co-defendants [*Id.* p. 3–4]. Plaintiff further asserts that Defendant Doe swore in officers, who stated under oath that the facts in the criminal complaints were true, and issued warrants, which is collusion and conspiracy in violation of Plaintiff's constitutional rights, as he has a right to be free from unjustifiable criminal litigation, which also violates his liberty and property interest [*Id.* at 11]. Plaintiff states that Defendant Doe initiated the criminal proceedings against him without proper cause and with improper motive, as Plaintiff had

4

reserved his common law rights on his "TN I.D." [*Id.*]. Plaintiff further alleges that the criminal proceedings against Plaintiff would have terminated in his favor if Plaintiff's Sovereign Status had been revealed, and that Defendant Doe's misrepresentation that Plaintiff was a person prejudiced Plaintiff's right to be free from unjustifiable criminal litigation and was deliberate indifference [*Id.*]. Plaintiff also asserts that Defendant Doe contributed to Plaintiff's continued confinement by setting Plaintiff's bond at $500,000.00, which was in violation of the Eighth Amendment, and that Defendant Doe's acts contributed to the alleged violations of Plaintiff's constitutional rights [*Id.*].

Plaintiff also asserts that the acts of all Defendants unreasonably intruded into his private concerns and conduct, that Defendants used his name, likeness, or personality for their benefit, and that private facts which were not matters of legitimate public concern were unreasonably disclosed through his underlying prosecution [*Id.* at 12]. Plaintiff states that he is and was subjected to false statements which place Plaintiff in a false light [*Id.*]. As relief, Plaintiff seeks a declaratory injunction, a preliminary injunction, and monetary damages [*Id.* at 12–15].

Plaintiff's claims imply the invalidity of his underlying criminal convictions in state court. In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that if a judgment for plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*; *see also Norwood v. Mich. Dep't of Corrs.*, 67 Fed. App'x 286, 287 (6th Cir. 1994) (holding that a claim that defendants conspired to revoke a plaintiff's parole "necessarily implies the invalidity of his confinement" and is therefore governed by the abstention doctrine set forth in *Heck*). Accordingly, *Heck* compels dismissal of

all claims arising out of Plaintiff's underlying convictions. Likewise, to the extent Plaintiff seeks relief from the fact or duration of his confinement, such claims must be raised in an action brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As such, any such claims are also barred.

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it concludes that the complaint fails to state a claim upon which relief may be granted at this time. Accordingly, this action is **DISMISSED** and Plaintiff's claims arising out of his underlying convictions are **DISMISSED WITHOUT PREJUDICE** to plaintiff showing that his complaint is not subject to dismissal under *Heck* doctrine.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at Morgan County Correctional Complex ("MCCX") is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902, as an initial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order and the accompanying Order to the Warden of MCCX, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**A SEPARATE JUDGMENT WILL ENTER**.

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE